## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MEGHAN SHIGO,

        Plaintiff,

v.

                                                Case No. 21-2079-DDC-GEB

JANCY G. CLARK,

           Defendant.

_____

## MEMORANDUM AND ORDER

Plaintiff Meghan Shigo alleges that a horse she bought from defendant Jancy Clark had an undisclosed pre-existing health condition at the time of sale.  Plaintiff alleges defendant knew about these health issues, but represented that the horse, named "Ace," was a "once in a lifetime horse" and an "easy keep, sound and sane[.]"  Doc. 1 at 3 (Compl. ¶ 13).  But, it turns out, plaintiff alleges that Ace suffers from lameness and now has trouble walking when people ride him.  So, plaintiff sued defendant, invoking diversity jurisdiction and bringing claims for deceptive and unconscionable acts and practices under the Kansas Consumer Protection Act (KCPA), and fraud and breach of contract under Kansas common law.  Before the court is pro se[1] defendant Jancy Clark's Motion to Dismiss (Doc. 21).  Plaintiff has responded (Doc. 24).  Defendant didn't file a Reply and the time to do so has passed.  For reasons explained below, the court denies defendant's Motion to Dismiss.

Defendant's one-page motion essentially raises two arguments:  (1) that plaintiff's damages don't cross the $75,000 threshold amount in controversy required for diversity

---

[1]  Because defendant appears pro se, the court construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Case 2:21-cv-02079-DDC-GEB   Document 33   Filed 01/13/22   Page 2 of 4

jurisdiction, and (2) that plaintiff hasn't met her burden in proving what caused Ace's lameness, or that Ace was lame before the sale.  The court addresses both arguments, in turn.

*First*, the court concludes plaintiff's Complaint sufficiently alleges the amount in controversy for this case to stay in federal court.  To establish diversity jurisdiction, plaintiff's Complaint must allege complete diversity between the parties[2] and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a).  The amount in controversy "is not the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quotation cleaned up).  When assessing whether plaintiff sufficiently has alleged the amount in controversy, the court counts all of plaintiff's alleged damages, including punitive damages and statutorily permitted attorney's fees.  *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

The KCPA provides that each individual deceptive act is a separate violation of the act. *See* Kan. Stat. Ann. § 50-626.  The KCPA also provides that a consumer may recover her actual damages for each violation of the act.  *See id.* § 50-634(b).  And finally, the KCPA allows a prevailing party to recover her attorney's fees.  *See id.* § 50-634(e).  Plaintiff alleges actual damages around $40,000.  *See* Doc. 1 at 6 (Compl. ¶ 43); *see also* Doc. 24 at 4.  She also alleges attorney's fees exceeding $15,000, *see* Doc. 24 at 5, and seeks punitive damages for her common law fraud claim, *see* Doc. 1 at 9.  Combining all these allegations—and given that plaintiff alleges five separate deceptive acts and practices under the KCPA, *see* Doc. 1 at 7 (¶¶ 51 (a)–(e))—the court concludes that plaintiff sufficiently has alleged the jurisdictional amount in controversy.  The court thus has diversity jurisdiction over this suit.

---

[2]     Plaintiff alleges complete diversity.  Plaintiff is a California citizen and defendant is a citizen of Kansas.  *See* Doc. 1 at 2 (Compl. ¶¶ 5–6).

*Second*, defendant's contention that plaintiff hasn't proved her claims is inappropriate at the motion to dismiss stage.  At this stage, the court assumes the factual allegations in plaintiff's Complaint are true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And it determines whether those allegations, accepted as true, "'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, the court determines whether "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The court's function "'is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'"  *Williams v. Keller*, No. 21-4022, 2021 WL 4486392, at *2 (10th Cir. Oct. 1, 2021) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

Defendant doesn't argue that plaintiff's allegations are insufficient to state a claim. Instead, defendant argues merely that plaintiff hasn't *proved* her claim.  But that's not the inquiry at this stage.  The court concludes that plaintiff's allegations suffice to state claims for deceptive and unconscionable acts and practices under the KCPA, and for fraud and breach of contract under Kansas common law.  Plaintiff alleges that defendant advertised the horse as healthy and capable of recreational riding, but that defendant sold the horse with knowledge that it had a pre-existing medical condition that prevented such recreational riding.  *See* Doc. 1 at 2–3, 6 (Compl. ¶¶ 9–14, 41).  Those allegations suffice to state a claim for which relief may be granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 21) is denied.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2022, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge