## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MEGHAN SHIGO,

        Plaintiff,

v.                                   Case No. 21-2079-DDC

JANCY G. CLARK,

        Defendant.

_____

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Attorney's Fees and Expenses (Doc. 46) and her supporting memorandum (Doc. 47). Specifically, plaintiff asks the court to award her $33,532.50 in attorneys' fees and $1,237 in expenses under Rule 54(d) and D. Kan. Rule 54.2. For the following reasons, the court grants plaintiff's motion in part.

### I.    Background

On July 27, 2022, this court granted summary judgment for part of plaintiff's Kansas Consumer Protection Act (KCPA) claim and for her breach of contract claim. Doc. 41 at 17. On September 7, 2022, the Clerk of the Court entered a $53,115 judgment for plaintiff (Doc. 45) consistent with this court's Memorandum and Order (Doc. 41). The total $53,115 in damages consisted of $20,000 in KCPA damages and $33,115 in contract damages for claims on which plaintiff prevailed on summary judgment. Doc. 45. Then, on September 20, 2022, plaintiff filed a Motion for Attorney's Fees and Costs (Doc. 46) and supporting memorandum (Doc. 47). Defendant hasn't responded. And the time for submitting a response to the motion has expired. *See* D. Kan. Rule 6.1(d)(1) (providing 14 days to file and respond to a non-dispositive motion).

## II.    Legal Standard

Fed. R. Civ. P. 54 requires a party to assert a claim for attorneys' fees by motion and unless a court provides otherwise, the attorneys' fees motion must:

(i)     be filed no later than 14 days after the entry of judgment;
(ii)    specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii)   state the amount sought or provide a fair estimate of it; and
(iv)    disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).  The District of Kansas Local Rules require "[a] party who moves for statutory attorney's fees [under] Fed. R. Civ. P. 54 (d)(2) [to] promptly initiate consultation with the other party or parties."  D. Kan. Rule 54.2 (a).  And where parties are unable to agree, as here, "the moving party must file . . . within 30 days of filing the motion:  (1) a statement that, after consultation in accordance with this rule, the parties have been unable to reach an agreement with regard to the fee award; and (2) a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award."  D. Kan. Rule 54.2 (c).

The district court has broad authority over an award of attorneys' fees.  *Law v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000).  The party seeking fees bears the burden of showing that the requested rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (citation and internal quotation marks omitted).

When determining whether a requested fee award is reasonable, "a court must begin by calculating the so-called lodestar amount of a fee" which is "the product of the number of

attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (further citations and internal quotation marks omitted)).  The party requesting attorneys' fees bears the burden to prove the amount of hours spent on the case and the appropriate hourly rates.  *United Phosphorus, Ltd.*, 205 F.3d at 1233 (citation omitted).  Once an applicant satisfies this burden, the court presumes that the lodestar figure is a reasonable fee.  *Robinson*, 160 F.3d at 1281; *see also Weaver v. JTM Performant Recovery, Inc.*, No. 2:13-cv-2408-JTM, 2014 WL 4843961, at *4 (D. Kan. Sept. 29, 2014) ("Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee.").

After determining the lodestar, the court may adjust that figure upward or downward "'to account for the particularities of the suit and its outcome.'" *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1254 (D. Kan. 2017) (quoting *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)).  This approach requires the court to consider the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  These *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 717–19.[1]

---

[1]      In her briefing, plaintiff argues that her fees and costs are reasonable under Rule 1.5(a) of the Kansas Rules of Professional Conduct.  Doc. 47 at 2–3.  Rule 1.5(a) specifies eight factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment

Although the court may consider each of these factors, it need not consider those factors "'subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Fox*, 258 F. Supp. 3d at 1254 (quoting *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016)).  This is so because the "lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors."  *Id.* (citing *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1103 (10th Cir. 2010)).

**III.    Analysis**

Plaintiff timely filed her motion for attorneys' fees.  She specified the statute entitling her to an award—the KCPA and Rule 54.  Doc. 47 at 1–2.  She stated the amount she seeks: $33,532.50 in attorneys' fees and $1,237 in expenses.  *Id.* at 7.  She disclosed the fee agreement between herself and her counsel.  Doc. 47-2.  Thus, the court finds, plaintiff has satisfied the requirements of Fed. R. Civ. P. 54(d)(2)(B).  Plaintiff's counsel also submitted a Declaration attesting that he emailed defendant multiple times, called her, and left a voicemail trying to discuss the statutory attorneys' fees.  Doc. 48 at 1 (Decl. ¶¶ 2–4).  The court finds that plaintiff's good faith attempts to contact defendant satisfy Local Rule 54.2.  Thus, the court next analyzes whether plaintiff's requested attorneys' fees and costs are reasonable.

---

by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

Kan. R. Prof'l Conduct 1.5(a).  The court addresses plaintiff's arguments and these factors in its analysis of the *Johnson* factors.

Plaintiff asserts that her requested attorneys' fee award is a reasonable amount of fees incurred prosecuting this lawsuit. With her fee request, plaintiff has submitted an Affidavit signed by counsel. Doc. 47-1 (Ex. A). It explains that plaintiff's fee request seeks fees for the time that two attorneys devoted to the matter. Specifically, it explains that plaintiff's attorney Scott Waddell spent 71.1 hours working on the case and an associate attorney spent 10.2 hours working on the case. Doc. 47-1 at 2 (Ex. A ¶¶ 9–10). Plaintiff attached her fee contract with counsel. Doc. 47-2 (Ex. B). It lists the following hourly rates: A. Scott Waddell $425 per hour; associate attorney $325 per hour; paralegal $240 per hour; and legal assistant $150 per hour. *Id.* at 1. Also, the motion attaches detailed billing records. Doc. 47-3. For 71.1 billable hours multiplied by a $425 rate plus 10.2 billable hours multiplied by a $325 rate, plaintiff requests a total of $33,532.50 in attorneys' fees. Plaintiff asserts that the attorneys' hourly rates and the hours expended on the litigation are reasonable. For the reasons explained below, the court agrees in part.

*First*, the court considers whether the hourly rates charged by the lawyers are "a reasonable rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (first citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); then citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Plaintiff asserts that the average hourly rate for one attorney with more than two decades of civil litigation experience and more than 12 years of consumer protection experience—like her counsel has—is $425 per hour. Doc. 47 at 3 (citing 47-1 at 1 (Decl. of A. Scott Waddell at ¶¶ 3–5)). Also, she asserts that the average hourly rate for the associate counsel is $325 per hour. *Id.* (citing 47-1 at 2 (Decl. ¶ 10)). Plaintiff asserts that these hourly rates are reasonable and within the range of hourly rates for "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their

time." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998) (citation and internal quotation marks omitted).

For support, plaintiff cites a case from the Missouri Supreme Court and a case from our court approving as reasonable hourly rates similar to those charged by plaintiff's attorneys in this case.  Doc. 47 at 5 (first citing *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 428 n.2 (Mo. banc 2013) (finding reasonable rates between $252 per hour and $650 per hour depending on counsels' experience); then citing *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1263 (D. Kan. 2017) (Robinson, J.) (approving hourly rates of $350 and $360 for work performed in 2014, $350 and $375 for work performed in 2015, and $375 and $400 for work performed in 2016)).[2]

The court agrees with plaintiff.  The hourly rates charged by the lawyers involved in this action are reasonable. The hourly rates are consistent with hourly rates approved by our court in cases involving counsel with similar experience, as shown by plaintiff's cited cases and others. *See, e.g.*, *M.B. v. Howard*, 555 F. Supp. 3d. 1047, 2021 WL 3681084, at *7, 14 (D. Kan. 2021) (noting that "cases assessing [the District of Kansas] market have found hourly rates between $175 to $625 reasonable based on the attorney's experience for litigation."); *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 6343292, at *16–17 (D. Kan. Oct. 29, 2020) (Mitchell, J.) (finding, in 2020, reasonable rates of $625 per hour for partner with 27 years' experience, $425 per hour for counsel with 13 years' experience, $350 per hour for associate with seven years' experience because they were consistent with top-tier Wichita rates and top-tier employment litigation rates in Kansas City); *Mathiason v. Aquinas Home Health*

---

[2]     *See Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1264 (D. Kan. 2017) (noting that though the trial in that case occurred in Kansas City, Kansas, the relevant market for determining reasonableness of attorneys' fees "is the Kansas City metropolitan area, which includes Missouri and Kansas.")

*Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016) (Lungstrum, J.) (finding, in 2016,

reasonable "hourly rates ranging from $325.00 per hour for lead counsel, $350.00 per hour for a

firm partner, [and] $200.00 per hour for an associate attorney"); *Barbosa v. Nat'l Beef Packing

Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *10 (D. Kan. Aug. 18, 2015) (Vratil, J.)

(finding, in 2015, hourly rates ranging from $180 to $425 reasonable, depending on each

attorneys' level of experience, in an FLSA case).  The court thus finds reasonable the hourly

rates charged by the attorneys who worked on this matter for plaintiff.

   *Next*, the court considers whether plaintiff can demonstrate a "[reasonable] number of

hours . . . spent on the litigation." *Lippoldt*, 468 F.3d at 1222 (citations omitted).  Plaintiff seeks

to recover attorneys' fees for 81.3 hours her counsel spent devoted to the case.  When

determining whether the amount of time spent on a matter is reasonable, our Circuit has

instructed courts to consider:

> (1) whether the tasks being billed would normally be billed to a paying client, (2)
> the number of hours spent on each task, (3) the complexity of the case, (4) the
> number of reasonable strategies pursued, (5) the responses necessitated by the
> maneuvering of the other side, and (6) potential duplication of services by multiple
> lawyers.

*Robinson*, 160 F.3d at 1281 (citation and internal quotation marks omitted).  Plaintiff has

submitted 34 pages of detailed billing records recording the time that both attorneys devoted to

the case.  Doc. 47-3 (Ex. C).  The specific tasks recorded are proper charges for prosecuting

plaintiff's claims against defendant.  And, after considering the *Robinson* factors, the court finds

the time spent on each task is reasonable.

   Concluding that counsel's hourly rates and the amount of time devoted to the matter are

reasonable, the court finds that the lodestar calculation—*i.e.*, $33,532.50 —is reasonable.  *See

Robinson*, 160 F.3d at 1281 (explaining that once an attorneys' fee award applicant satisfies its

burden to prove the amount of hours spent on the case and the hourly rates charged are reasonable, the court presumes that the lodestar figure is a reasonable fee).

The court also has considered the *Johnson* factors.  It finds that several of these factors are neutral here because they don't affect the reasonableness analysis.  These factors include:  (4) preclusion of other employment by the attorneys due to acceptance of the case; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.  Also, several other *Johnson* factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Fox*, 258 F. Supp. 3d at 1254 (citation and internal quotation marks omitted).  Thus, the court need not consider those factors independently because the lodestar analysis already has accounted for them.  *Id.* These factors include:  (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (5) customary fee; and (9) experience, reputation, and ability of the attorneys.

The eighth *Johnson* factor—the amount involved and the results obtained—is the "most critical factor in determining the reasonableness of a fee award[.]" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citation and internal quotation marks omitted).  The "result obtained" is a successful summary judgment motion for some of plaintiff's claims awarding her $20,000 in civil penalties for her KCPA claims and $33,115 in damages for her breach of contract claim. The court awarded plaintiff $53,115 in damages at the summary judgment stage of the trial with no settlement offer on the table.  This award is substantial, and so, the court finds that the "result obtained" factor favors awarding plaintiff the requested attorneys' fee award.

None of the *Johnson* factors presents any reason for the court to adjust the lodestar upward or downward. To the contrary, the court concludes that the *Johnson* factors support an award of attorneys' fees in the amount of $33,532.50. The court thus finds that the requested fee award is a reasonable one.

Also, plaintiff seeks an award of $1,237 in expenses including filing fees, service of process fees, service of subpoena fees, and mediation expenses. Doc. 47 at 4 (citing Doc. 47-1 at 2 (Decl. ¶ 11)). A prevailing party is permitted to recover "reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead[.]" *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000). Courts typically permit a prevailing party to recover the types of expenses plaintiff seeks to recover here, with one exception. *See Wirtz v. Kan. Farm Bureau Servs., Inc.*, 355 F. Supp. 2d 1190, 1207–09 (D. Kan. 2005) (granting in part a request for an award of cost and expenses including expenses for postage, photocopies, deposition transcripts, and expert witness fees). Plaintiff requests $400 for "court ordered mediation with Moriarty Mediation[.]" Doc. 47 at 4; *see also* Doc. 47-3 at 27 (Ex. C). Plaintiff cites no authority to support her assertion that court awarded expenses cover mediation costs. The court thus finds reasonable plaintiff's requested expenses after subtracting $400 for mediation costs, and it awards plaintiff $837 in expenses.

For these reasons, the court finds reasonable plaintiff's request for an award of $33,532.50 in attorneys' fees and $837 in expenses. The court thus grants plaintiff's request for attorneys' fees and expenses in these amounts.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Attorney's Fees and Costs (Doc. 46) is granted in part as explained in this Order.

**IT IS SO ORDERED.**

**Dated this 10th day of November, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**